**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2866
_____

JIMI ROSE,
                    Appellant

v.

THE MORNING CALL NEWSPAPER; MARANATHA BROADCASTING
COMPANY, INC., doing business as WFMZ-TV; JULISA BONILLA, PROTESTOR
AND AGENT PROVOCATEUR; THE CHICAGO TRIBUNE;
BASILIO A. BONILLA, JR., PROTESTOR AND UNKNOWN AGENT'S
PROVOCATEUR, BETHLEHEM SCHOOL BOARD, ET AL.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5:15-cv-02002)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2017

Before:  GREENAWAY, JR., GREENBERG, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jimi Rose filed this suit in April 2015, and was granted permission to proceed in forma pauperis. Rose's initial pleading was part memoir, part vigorous diatribe. And it was of such great length and ambiguity that it inspired sua sponte dismissal by the District Court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without prejudice. The District Court allowed Rose thirty days to file an amended complaint, one in which Rose was to state "as clearly and briefly as possible" the nature of his claims, the facts relevant to those claims, the harm he suffered, and the remedies he sought.

The District Court thrice granted Rose additional time to produce an amended complaint, which he eventually filed in October 2015. The District Court dismissed the amended complaint for failure to state a claim, under § 1915(e)(2)(B)(ii), concluding that the "[t]he amended complaint largely mirrors the original complaint—and suffers from the same deficiencies." The dismissal was with prejudice. Rose's subsequent motion for reconsideration was granted by the District Court, which reopened the case and allowed Rose to file a second amended complaint.

After receiving an extension of time, Rose filed a second amended complaint. The District Court again dismissed Rose's case under § 1915(e)(2)(B)(ii). The District Court concluded that Rose's newest pleading was "a rambling recitation of the events that occurred in his life since the early 1990's, and does not give rise to any clear basis for a claim against any of the defendants." The District Court dismissed Rose's action with prejudice, and this appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We have carefully considered

2

Rose's arguments on appeal—in particular that his second amended complaint did in fact state a viable claim—and find them to be unpersuasive. We also note that the District Court gave Rose multiple opportunities to clarify his allegations and claims in accordance with the Federal Rules of Civil Procedure. Rose, an experienced pro se litigant, failed to take advantage of those opportunities. Therefore, we will affirm the judgment of the District Court.[1]

---

[1] We observe Rose's seemingly central allegations in his operative pleading that numerous unknown "protestors" collaborated with Basilio and Julisa Bonilla to sign a petition urging the closure of Rose's business—a cabaret called Scoobie's Gentlemen's Club (which ultimately closed not because of the petition, but, apparently, because of a catastrophic fire)—and that those actors allegedly conspired with a local newspaper (The Morning Call) and a local television station (WFMZ-TV) to falsely report to the general public that Rose's business "was a nuisance bar." Rose claimed that the foregoing petition-signing and critique-publicizing was unconstitutional. However, we discern no viable federal claim amidst Rose's allegations. See, e.g., Deshaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."). With the most liberal of readings Rose's complaint might be said to have stated a defamation claim under state law against fellow Pennsylvania citizens, a claim over which the District Court could not have exercised jurisdiction. Cf. 28 U.S.C. § 1332(a).